## ABEL G. PECK *versus* WILLIAM C. STIMPSON *et al.*

The *St.* 1836, *c.* 238, regulating the assignment and distribution of the property of insolvent debtors, provides, that all the creditors shall have a right to become parties to the assignment, if they apply therefor before the final dividend is declared, but that " no creditor who comes in after any dividend is declared, shall be allowed to disturb the same, but he shall receive an equal proportion with the other creditors, so far as the funds then remaining unappropriated in the hands of the assignees shall be sufficient therefor." Under this statute, it was *held*, that a creditor who became a party to an assignment after the first dividend was made, but before the second was declared, was entitled to his full proportion of the first dividend, (but without interest thereon,) it appearing, that there was an amount of unappropriated funds in the hands of the assignees sufficient to enable them to pay him the same, without disturbing the first dividend made to other creditors.

*It seems,* that where funds are reserved conformably to the 6th section of the same statute, to meet the claims of remote creditors or those whose debts are contingent, such debts should be particularly designated, so far as known, and the funds specially reserved to meet them ; and that when such creditors do become parties, or their contingent debts become absolute, they are entitled to receive from such reserved funds, the full amount of the prior dividends, as against a creditor voluntarily forbearing to become a party to the assignment until after such prior dividends were made.

Where a creditor brought his bill in equity against the assignees to recover out of the unappropriated funds in their hands his proportion of the first dividend, and the suit was resisted on the insufficient ground that he had not become a party to the assignment until after the dividend had been made, it was *held* that he was entitled to costs, to be paid out of the funds, the defence having been made for the benefit of the other creditors.

THIS was a bill in equity, setting forth, that the firm of Rogers, Devens & Co. were, on June 3, 1836, indebted to the plaintiff in the sum of $1065 ; that Rogers, Devens & Co., being in failing circumstances, by an indenture of assignment of that date, made between such firm, of the first part, William C. Stimpson and William Gray, of the second part, and all creditors of the firm who should become parties to such instrument, in pursuance of the provisions of the act regulating the assignment and distribution of the property of insolvent debtors, (*St.* 1836, *c.* 238,) of the third part, duly transferred and conveyed to Stimpson and Gray all their effects, credits, claims, &c., specified in a schedule annexed to the instrument, in trust to convert the same into money, and, after the payment of all expenses incident to the assignment, and of such debts as by the laws of the United States or of the State, were entitled to a preference, to appropriate

the residue thereof towards the payment and indemnity of the creditors of the third part, and then in trust to pay over the surplus, if any, to the assignors or their order ; that on the same day, Stimpson and Gray became parties to the inden· ture ; and that afterwards, on August 24, 1837, but before a final dividend was declared under such indenture, the plaintiff became a party thereto and so entitled to the benefit of the provisions therein contained.

The bill further set forth, that Stimpson and Gray took possession of the property assigned, extinguished all claims entitled to a preference, defrayed all expenses incident to the assignment, and, on April 1, 1837, declared and paid from the trust fund, to all the creditors who had then become parties to the indenture, a dividend of forty-two per cent. upon the amount of their respective claims ; and that after making such dividend and before the plaintiff executed the indenture, the assignees realized from the property assigned, a sum of money exceeding $4000, which was in their possession and unappro- priated at the time of the execution of the indenture by the plaintiff.

The bill further alleged, that after the plaintiff had become a party to the indenture, he requested the assignees to pay over to him, from the trust funds in their hands, a dividend of forty-two per cent. upon his claim, so as to place him upon an equal footing with the other creditors who had exe cuted the indenture, which amount the assignees could easily have paid him without disturbing the original dividend ; that the plaintiff was well entitled to receive such sum from them by the terms of the indenture and by the *St.* 1836, *c.* 238, § 4 ; that the assignees refused to comply with such request and proceeded to appropriate the principal part of the trust fund remaining in their hands, to a second dividend of twenty per cent., which they distributed among all the parties of the third part, reserving, however, a sufficient sum in their hands to cover such award as should be made by the Court to the plaintiff ; and that the plaintiff in consequence thereof re- ceived but twenty per cent. upon the amount of his claim, while the other parties of the third part received sixty-two per cent. upon their respective claims

Peck
*v.*
Stimpson.

The bill therefore prayed, that a writ of subpœna might issue to the assignors and assignees, to the end, that they might make answer to the premises, that the trusts in the indenture might be enforced and a specific performance of the covenants of the assignees with the plaintiff decreed, and that the plaintiff might have such further relief, &c., so that the assignees might be required to pay to him the dividend claimed by him, with interest, and the costs and expenses by him in this behalf incurred.

The answer of the assignees set forth, that on September 1, 1837, they proceeded to make a dividend of sixteen per cent. upon the claims of those who had become parties to the assignment prior to that day, which dividend was paid to the plaintiff; that the respondents had been ever ready to pay to the plaintiff the dividend of forty-two per cent., so soon as it should be decided by the proper tribunal, that the plaintiff was entitled thereto; and that they requested the decision and advisement of the Court, whether the plaintiff was entitled to such dividend, and if so, whether he was also entitled to receive any interest thereon, or any costs in this suit.

*June 23d.*

*E. Hasket Derby* and *Andrews*, for the plaintiff, as to the principles which govern in the construction of statutes, cited *No.* 18 American Jurist, 81; *Somerset* v. *Dighton*, 12 Mass. R. 384; *Holbrook* v. *Holbrook*, 1 Pick. 250.

*Sprague* and *W. Gray*, for the defendants.

*June 26th.*

SHAW C. J. delivered the opinion of the Court. The question, in the present case, arises upon the construction of the act to regulate the assignment and distribution of the property of insolvent debtors, *St.* 1836, *c.* 238. The question is, whether the plaintiff, a creditor of the insolvent house, of which the defendants were assignees, not having come in and become a party before a first dividend was paid, but who did become a party before a second dividend was made, can claim the full amount of the first dividend, it appearing, that there was a sufficient amount of unappropriated funds in the hands of the assignees, to enable them to make such payment, without disturbing the first dividend made to other creditors.

The provision of the statute, § 4, is, that all the creditors shall have a right to become parties to the assignment,

provided they apply therefor before the *final* dividend is declared ; but no creditor who comes in after any dividend is declared, shall be allowed to disturb the same, but he shall receive an equal proportion with the other creditors, so far as the funds then remaining unappropriated in the hands of the assignees, shall be sufficient therefor.

The 6th section provides that the assignees shall make dividends from time to time, as soon as may be, and it directs that when it shall appear, that there are creditors, who from distance or otherwise, cannot become parties before the making of the first dividend, or when there are those mentioned in the 2d section, whose debts are contingent, and have not become absolute, they may retain from the funds a sum sufficient to pay to such supposed creditors an equal proportion with the other creditors.

The Court are all of opinion, that the plaintiff, under the circumstances, is entitled to payment of the first dividend, as claimed by him. The whole tenor and spirit of the act shows the intention of the legislature, that the creditors should share the estate of their debtor equally and proportionably, without any preferences other than those fixed by law. It provides that a party coming in after the first dividend, shall have an equal share with the other creditors, under one condition only, that this shall not disturb a prior dividend declared ; that is, those who have actually received, or by the declaration of a dividend, become entitled to receive a certain share, shall not, upon the principle of equality, as the debts proved then stood, be obliged to refund.

It may be perhaps urged, that this construction might encourage creditors to lie by and wait for the chance of receiving payment in other modes, and thus delay and embarrass the settlement of the estate. But we are of opinion that it can have no such tendency, because the assignees may go on without regard to such creditors, and divide the funds as fast as collected, which dividends cannot afterwards be disturbed. Thus creditors will have sufficient inducement to come in, because if they lie by, until after a dividend made, they take the risk of not being able afterwards to obtain an equal dividend, should the remaining funds be insufficient for that purpose.

In order to avoid any misapprehension, I would add, that when funds are reserved conformably to the 6th section, to meet the claims of remote creditors, or those whose debts are contingent, such debts ought to be particularly designated so far as known, and the funds specially reserved to meet them, so that when such creditors do become parties, or their contingent debts become absolute, they may receive from such reserved funds their full amount of such dividend, in the same manner as if they had been parties when it was made. The funds so reserved, therefore, are not to be considered as *unappropriated*, within the meaning of the 4th section, so as to be applied to the claims of creditors in the situation of the plaintiff, who voluntarily forbear to become parties to the assignment until after such dividend. On the contrary the creditors for whom such funds were specially reserved, will be entitled to their dividends in full, out of such reserved funds, in preference to creditors coming in afterwards.

It was also asked what would be the effect, if two or more creditors should thus voluntarily forbear to become parties, until after a dividend made. We think the course would be very plain. In the first place, they could not disturb the dividend already made, nor claim as unappropriated funds, those specifically reserved for remote and contingent creditors, against those for whom such reservation was made. These, if they subsequently come in, would be entitled to the first dividend in full. If they do not afterwards come in, the funds thus reserved would fall into the general unappropriated fund, together with all collections and proceeds of the assigned property received after the last dividend. If this unappropriated fund is sufficient to pay them an equal dividend with those, in whose favor the dividends have been declared, they will be entitled to such prior dividends in full, and then the balance will be equally distributed among all the creditors. If this unappropriated fund is not sufficient to pay an equal amount to those who thus come in after a dividend made, it is the ordinary case of two or more persons entitled to payment out of a common fund, insufficient to pay them all ; they must abate and receive in proportion.

The Court are of opinion that the plaintiff having been re

<div style="float:right">Peck
*v.*
Stimpson.</div>

fused a dividend to which he was entitled, is the prevailing party, and entitled to his costs ; but as this defence was made for the benefit of the other creditors, and to whom these dividends would otherwise have come, the costs must be paid out of the funds in the hands of the assignees.

<div style="text-align:right">*Decree accordingly.*</div>

*Note.* The plaintiff's claim for interest on his share of the first dividend was disallowed.